Dear Mr. Dupuis:
This office is in receipt of your request on behalf of the Lafayette City-Parish Consolidated Council for an opinion of the Attorney General in regard to reorganization of the Lafayette Parish Waterworks District North and Lafayette Parish Waterworks District South. You ask whether the Lafayette City-Parish Council can reorganize the Water Districts, and, if so, to what extent.
Under R.S. 33:3811 the police juries may divide their parish into waterworks districts, and are authorized, after following the procedures set forth in the statute, to abolish a waterworks district in its entirety or may change or alter the boundaries unless the change would "impair any obligations that may have been incurred by the waterworks during the period of its existence."
Therefore, we would conclude as long as the reorganization does not impair any existing obligations of the waterworks districts the reorganization may be carried out. If the territorial limits or existence of any waterworks district are affected, R.S. 33:3811 must be followed to affect the change by adopting a resolution declaring the intended change, give the required notice of a hearing, and hold a hearing thereon.
Insofar as the extent of the reorganization permitted, we find the requirements of the general law cannot be ignored despite having a Home Rule Charter. The police jury is given the power to create waterworks districts in their parish and the boundaries, but upon creation, the statutory restrictions must apply such as the number and qualification of the commissioners, and powers of the district.
This office found in accordance with Art. VI, Sec. 5 (E) of the La. Const. that a Home Rule Charter government cannot abrogate general state law, and observed, with respect to a hospital district, that the Parish Council could not change the number of the board of commissioners as set forth by statute without statutory amendment. Atty. Gen. Op. No. 96-105. Therefore, any departure from the statutory provisions would require legislative amendment.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR